{¶ 16} I respectfully dissent, and would find a genuine issue of material fact as to whether the movant Kramig supplied products to Armco Steel.
 {¶ 17} Pursuant to Civ.R. 56(C), the party moving for summary judgment bears the initial burden of showing that "there are no genuine issues of material fact concerning an essential element of the opponent's case."Dresher v. Surf (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. To satisfy this burden, the movant must specifically point to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action" that demonstrate that the nonmovant lacks evidence to support his claims. Civ.R. 56(C); Dresher, 75 Ohio St.3d at 292-293. When the movant's burden is satisfied, the nonmovant "may not rest upon the mere allegations or denials of the party's pleadings, but the party's *Page 10 
response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 18} Although the movant need not support motion with affidavits negating opponent's claims, the movant cannot discharge its initial burden simply by making conclusory assertions that the opposing party has no evidence to prove its case and instead must point to specific evidence affirmatively demonstrating that the opposing party lacks evidence to support its claims. Doe v. Hi-Stat Manufacturing Co.,Inc. (April 2, 2001), Richland App. No. 00-CA-53. Furthermore, summary judgment is generally not well suited for cases in which motive and intent are at issue and in which one party is in control of the proof.Perry v. McGinnis (C.A.6, 2000), 209 F.3d 597.
 {¶ 19} In this matter, Kramig argues that plaintiff's evidence fails to establish that the decedent was exposed to asbestos-containing products supplied by R.E. Kramig. In support of this assertion, R.E. Kramig asserts that John Kramig's deposition testimony is insufficient to establish that R.E. Kramig distributed the products to the Armco plants in Hamilton and Middletown, Ohio, where the decedent worked.
 {¶ 20} I would conclude that R.E. Kramig, the movant and party in control of evidence as to this issue, did not affirmatively establish that it was not a distributor of asbestos-containing products to the Armco Hamilton and Middletown plants. *Page 11 
 {¶ 21} Plaintiff's evidence, included John Kramig's deposition which, in relevant part, provides:
 {¶ 22} "Q. Okay. Are there areas outside of the Cincinnati area where the company would have performed either contracting or selling or installation business?
 {¶ 23} "A. Yes.
 {¶ 24} "Q. And general idea, how far outside of Cincinnati, Cincinnati area would some of these operations take place?
 {¶ 25} "A. Do you have a time framework on that?
 {¶ 26} "Q. Well, let's start with like the `40s, `50s and `60s.
 {¶ 27} "A. Yes, we were primarily Cincinnati, but we did get into southeastern Indiana, northern Kentucky. In Ohio probably as far North as Dayton, Columbus, but we generally were a very regional local operation."
 {¶ 28} I would conclude that R.E. Kramig did not establish that it was entitled to judgment as a matter of law as there are genuine issues of material fact as to whether R.E. Kramig distributed asbestos-containing products to the Armco plants. Accordingly, I would reverse and remand for further proceedings as to this issue. *Page 1